*J. M. Love* and *J. W. Rankin,* for appellant.

*S. T. Marshall* and *J. C. Hall,* for appellee.

———  o ⊙ o  ———

### Foss *v.* Isett.

The seal of the district court essential to the validity of a writ of attachment. The want of the seal to a writ of attachment cannot be obviated by amendment.

*Appeal from Muscatine District Court.*

*Opinion by* KINNEY, J. Isett sued Foss in attachment. On the first appearance of the defendant he moved to

Foss v. Isett.

quash the proceedings in attachment, for the reason among others, that the paper purporting to be a writ was not under seal. Thereupon the plaintiff moved the court to amend, which was granted, and the motion of defendant overruled. This was error. Before the property of the defendant could be seized, it was indispensable that the plaintiff should obtain a *writ*. A paper issued by the clerk in the form of a writ is no writ, unless it has impressed upon it the seal of the court from whence it issues. Without this seal it is no more for the purpose of a writ than blank paper. Could it be amended? Not at all; for there is nothing to amend. It lacks the essential ingredient of a writ, and is not amendable.

It is the seal—other things being right,—which makes it a writ, gives it force, efficacy and life. The property which had been seized upon this void paper could not be held in custody, upon a writ issued, after it was attached, which would be the case if the seal could be subsequently affixed.

The numerous authorities cited by the counsel for appellee are not applicable to the question presented by this record. Neither are the provisions of the Code, §§ 1758, 1759, broad enough to cover the case. This was not properly an amendment which was proposed. It was the *creation* of a writ. This could be done, but not so as to operate retrospectively upon any prior proceedings. With the seal it became for the first time a writ, and the party to make it available should proceed upon it *de novo*.

Judgment upon the attachment reversed, but as the attachment is merely auxiliary to the main suit, the judgment against the defendant will not be disturbed.

*S. Whicher* and *J. Buttler*, for appellant.

*J. Scott Richman*, for appellee.